

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------

IN RE APPLICATION OF BANK OF
CYPRUS PUBLIC COMPANY LIMITED

----------------------------------------

Index No.:

**MEMORANDUM OF LAW
IN SUPPORT OF
APPLICATION FOR AN
ORDER TO TAKE
EVIDENCE PURSUANT TO
28 U.S.C § 1782**

      Applicant BANK OF CYPRUS PUBLIC COMPANY LIMITED (the "Applicant"

or the "Bank"), by its attorneys Hughes Hubbard and Reed LLP, respectfully submits this

Memorandum of Law in Support of its Application for an Order to Take Evidence Pursuant to 28

U.S.C. § 1782.  Such applications are routinely made *ex parte*.  *In re Supreme Court of Hong

Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) (citing *In re Tokyo Dist., Tokyo Japan*, 539 F.2d

1216, 1219 (9th Cir. 1976))).  The making of such applications *ex parte* is "typically justified by

the fact that the parties will be given adequate notice of any discovery taken pursuant to the

request and will then have the opportunity to move to quash the discovery or to participate in it."

*Hong Kong*, 138 F.R.D. at 32 n.6 (quoting *Tokyo Dist.*, 539 F.2d at 1219)).

<u>**Statement of Facts**</u>

      Applicant is a bank organized under the laws of the Republic of Cyprus.

(Certification of John A. Fellas, Esq. dated December 30, 2010 ("Fellas Cert.") ¶ 4.)  The Bank

is currently a defendant in a lawsuit commenced in Cyprus by Joseph P. LaSala and Fred S.

Zeiman as Co-Trustees of the AremisSoft Liquidating Trust (the "Trust"), titled *Joseph P.

LaSala and Fred S. Zeiman, as co-Trustees of the Trust entitled AremisSoft Corporation*

*Liquidating Trust v. Bank of Cyprus Public Company Ltd.*, Action No. 5467/09 (the "Cyprus Proceeding"). (Fellas Cert. ¶ 5.)

The Trust, a Delaware trust, was formed pursuant to a Chapter 11 bankruptcy case pending in the District of New Jersey (the "New Jersey Bankruptcy Proceeding") for AremisSoft Corporation, a now defunct Delaware software technology company. (Fellas Cert. ¶ 6.) Greenberg Traurig LLP (the "Respondent") serves as counsel for the Trust and the Trustees in proceedings in the United States of America. (Fellas Cert. ¶ 7.)

In the Cyprus Proceeding, the Trust seeks to hold the Bank liable for its alleged role in connection with a fraudulent scheme by two corporate insiders of AremisSoft, who fraudulently inflated the company's value and then sold their shares. (Fellas Cert. ¶ 8; Exhibit B.) The Statement of Claim in the Cyprus Proceeding alleges that one of these corporate insiders, Lycourgos Kyprianou, used his accounts at the Bank to launder the money from this scheme, and that the Bank, knowingly and in breach of its duties to AremisSoft, allowed Kyprianou to loot AremisSoft's accounts and engage in money laundering. (Fellas Cert. ¶ 8; Ex. B.) The Statement of Claim alleges claims for breach of contract, negligence, violation of legal duties and fraud, and seeks damages of hundreds of millions of dollars. (Fellas Cert. ¶ 8; Ex. B.) The Statement of Claim alleges that Kyprianou, along with his fellow corporate insider Poyiadjis, were the primary perpetrators of the fraud. For example, the statement of claim alleges that Kyprianou caused AremisSoft to publish false and misleading public reports and statements to increase the stock price, falsified AremisSoft's books and records, caused AremisSoft to declare that it had acquired software companies for prices far exceeding the prices actually paid, and then sold their AremisSoft shares at an inflated price. (Fellas Cert. ¶ 9; Ex. B ¶¶ 16-19.) The Statement of Claim alleges that Kyprianou made illegal profits exceeding $100

million dollars.  (Fellas Cert. ¶ 9; Ex. B ¶ 20.)  Bank of Cyprus, on the other hand, is described in the Statement of Claim as a secondary player, allegedly liable for its role in failing to stop Kyprianou from transferring money between AremisSoft's and his other accounts at the Bank of Cyprus.  (Fellas Cert. ¶ 10.)

Prior to filing the lawsuit in Cyprus against Bank of Cyprus, the Trustees for the AremisSoft Liquidating Trust brought suit against the Bank in the Southern District of New York in 2006, arising out of the same operative facts as the Cyprus Proceeding.  (Fellas Cert. ¶ 11.) Bank of Cyprus made a motion to dismiss for *forum non conveniens*, among other grounds. (Fellas Cert. ¶ 11.)  In opposing Bank of Cyprus's motion to dismiss for *forum non conveniens*, Trustee LaSala submitted a Declaration dated January 22, 2007 (the "LaSala Declaration"), in which he stated that the law firm for the Trust, Greenberg Traurig, had "amassed thousands of pages of documents relating to the AremisSoft fraud, and more specifically to Bank of Cyprus' participation in the fraud."  (Fellas Cert. ¶ 12; Exhibit D ¶ 32.)  LaSala states that all of these documents are "physically maintained by the AremisSoft Trust's lawyers in New York.  (Fellas Cert. ¶ 12; Ex. D ¶ 37.)  LaSala also asserted in his declaration that a number of witnesses were located in the United States.  (Fellas Cert. ¶ 12, Ex. D ¶¶ 23-31.)  In its reply in further support of the motion to dismiss, the Bank of Cyprus noted that, if the action were dismissed on grounds of *forum non conveniens* in favor of Cyprus, 28 U.S.C. § 1782 could be used to obtain evidence in the United States needed for an action in Cyprus.  (Fellas Cert. ¶ 13.)  The New York proceeding was dismissed by Judge Haight for *forum non conveniens* in 2007.  (Fellas Cert. ¶ 14.)

The Cyprus Proceeding was then filed against the Bank in Cyprus thereafter. (Fellas Cert. ¶ 15.)  The Statement of Claim in the Cyprus Proceeding is based on the same

operative facts as the 2006 Southern District of New York case against Bank of Cyprus.  (Fellas Cert. ¶ 15.)

In June 2010, Greenberg Traurig on behalf of the Trust made an application in the New Jersey Bankruptcy Proceeding for an order approving the engagement of Georgios Seraphim, Mr. Kyprianou's lawyer in Cyprus, as Special Counsel to the Trust (the "Seraphim Application").  (Fellas Cert. ¶ 16; Exhibit E.)  The Seraphim Application disclosed that the Trust had recently entered into a settlement agreement with Kyprianou (the "Settlement Agreement"), in which in exchange for the Trust withdrawing the litigation against Kyprianou in the District of New Jersey and Cyprus, Kyprianou would cooperate with the Trust by providing information and documents about the roles of the Bank of Cyprus and several other banks the Trustee is litigating against.  (Fellas Cert. ¶ 17; Ex. E ¶ 2.)  The Seraphim Application further stated that "Kyprianou has agreed to provide particular information relating to the persons at the Bank of Cyprus with whom he dealt and the details of the arrangements that he made at that Bank with regard to transactions concerning fraudulent acquisition of assets and other transactions that gave the false illusion of cash flow."  (Fellas Cert. ¶ 18; Ex. E ¶ 14.)

In exchange for providing such information which would allegedly implicate the Bank, the Settlement Agreement provides for "a settlement amount of $105 million which may be credited to Kyprianou to the extent he cooperates against each Bank (Kyprianou will receive a credit of $35 million for completed cooperation against each Bank)."  (Fellas Cert. ¶ 19; Ex. E ¶ 14.)  Thus, Kyprianou stands to reduce the amount he owes under the Settlement Agreement by providing "information" which would purportedly implicate the Bank.  The Seraphim Application also discloses that Mr. Seraphim will be paid a contingency fee of twenty percent of the first $50,000,000 recovered from the banks the Trust is pursuing and twenty-five percent of

amounts in excess of $50,000,000.  (Fellas Cert. ¶ 20; Ex. E ¶ 22.)  The Trustees did not publicly file the Settlement Agreement or the agreement concerning the Trust's engagement with Mr. Seraphim (the "Engagement Agreement"), and in fact they filed the Engagement Agreement under seal.  (Fellas Cert. ¶ 21.)   The relevance of this document to allegations against Bank of Cyprus is attested to by the Trustees' statement in their motion to file under seal that "[i]nterested parties that face potential liability for their culpability in the AremisSoft securities fraud and the breaches of fiduciary duties by AremisSoft's officers should not be allowed to view the terms of the Engagement Agreement of counsel to the Trust and should not gain any improper benefit from the sensitive information contained therein."  (Fellas Cert. ¶ 21; Exhibit F ¶ 2.)  Thus, the Trustees acknowledge that there is information in the Engagement Agreement relevant to its allegations or wrongdoing against the Bank.

### The Evidence Sought

Applicant seeks the documents referred to in the LaSala Declaration held by Greenberg Traurig, as counsel for the Trust, regarding Bank of Cyprus and the claims asserted against it.  Applicant seeks the general documents Greenberg Traurig holds relating to the claims against Bank of Cyprus as described in the 2007 LaSala Declaration, the Settlement Agreement with Kyprianou, the Engagement Agreement with Seraphim, any documents Kyprianou has provided to Respondent, the Trust, or the Trustees to date concerning the Bank of Cyprus, and all communications between Kyprianou or Seraphim and Respondent, the Trust or Trustees concerning the terms of the deal between them or the Bank of Cyprus.  All of these documents are indisputably and directly relevant to the claims against Bank of Cyprus in the Cyprus Proceeding, to the extent they address the Bank's alleged role in the AremisSoft fraud.  The documents concerning the settlement with Kyprianou and the engagement of his counsel Mr.

Seraphim additionally go to the credibility of Mr. Kyprianou and any potential testimony he may provide against Bank of Cyprus in the Cyprus Proceeding, given that he is apparently to be paid $35 million for cooperating against the Bank.[1]

## Argument

Section 1782 of Title 28 of the United States Code permits the taking of evidence from a person in the United States for use in foreign proceedings.  Section 1782 provides in relevant part:

> (a)    The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The three statutory requirements of section 1782 – (1) the person from whom discovery is sought resides or is found in this district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by an interested person (*Esses v. Hanania*, 101 F.3d 873, 875 (2d Cir. 1996)) – are satisfied in this case:

---

1.   Simultaneously with filing the present application, the Bank is also filing an Application in the District Court for the District of New Jersey seeking depositions of Trustee LaSala and a witness most knowledgeable about settlement negotiations with Kyprianou, along with some of the same documents sought here.  The Bank does not need the same documents to be provided twice but since it is unclear whether some of the documents are held by the Trustee or Greenberg Traurig as counsel for the Trustee, the Bank is seeking such documents from both sources.  If either party provides such documents, the Bank will withdraw that portion of the application from the other party.

1.      Respondent Greenberg Traurig is a "person"[2] within the terms of section 1782, who "resides or is found" within this District since it is located at 200 Park Avenue, New York, New York 10166.

2.      The evidence is being sought "for use in a foreign proceeding" within the terms of section 1782, since, as explained above, the evidence is sought for use in the Cyprus Proceeding.  *Esses*, 101 F.3d at 876 (existence of a foreign proceeding "is the primary requirement imposed by section 1782 to screen out intrusive and meddlesome requests.")

3.      Applicant is an "interested person" within the terms of section 1782, since it is a party to the foreign proceedings.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782.") (citation omitted); *Malev Hungarian Airlines v. United Techs. Int'l Inc.*, 964 F.2d 97, 101 (2d Cir. 1992) (a party to a foreign lawsuit is an "interested person" for the purposes of section 1782); *see also* S. Rep. No. 88-1580 (1964), as reprinted in U.S.C.C.A.N. 3782, 3789 (same).


Where, as here, each of the section 1782 statutory requirements is met, "a district court is free to grant discovery in its discretion."  *In re Metallgesellschaft AG*, 121 F.3d 77, 78 (2d Cir. 1997).  This court should exercise its discretion to grant this application, as the evidence sought is undeniably relevant to the Cyprus Proceeding.  Furthermore, the Settlement Agreement was not publicly filed, and the Engagement Agreement was filed under seal, such that these

---

2.   The term "person" includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals."  1 U.S.C. § 1 (Dictionary Act).

documents cannot be obtained from the public record.  Furthermore, these documents are

relevant to the credibility of Kyprianou—the primary fraudster—who has agreed to cooperate

with the Trustees against the Bank in an exchange for a credit of $35 million for each time he

points the finger at the Bank, an alleged secondary player.  Moreover, his counsel Mr. Seraphim

will receive an additional bounty for any recovery against the Bank.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Certification of John

Fellas, Esq., Applicant respectfully requests that the Court enter an order requiring Respondent,

and any other person who resides or is found in this District and who has evidence relevant to the

Cyprus Proceeding, to produce for inspection and copying the documents described or listed on

the subpoena attached to the Proposed Order, or subsequently sought.

New York, New York
December 30, 2010

Respectfully submitted,

HUGHES HUBBARD & REED LLP
John Fellas
Jennifer Alpern Hecht
One Battery Park Plaza
New York, NY, 10004
(212) 837-6000
Fellas@hugheshubbard.com
Hecht@hugheshubbard.com

*Attorneys for Applicant Bank of Cyprus
Public Company Ltd.*