

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF BANK OF
CYPRUS PUBLIC COMPANY LIMITED

---

Index No.:

CERTIFICATION OF JOHN
FELLAS, ESQ.

1. I am a member of the Bar of the State of New York and a member of the firm of Hughes Hubbard & Reed LLP, counsel in the United States of America to Applicant Bank of Cyprus Public Company Limited (the "Applicant" or the "Bank").

2. I submit this certification in support of the Bank's application for an order, pursuant to 28 U.S.C. § 1782, directing Greenberg Traurig LLP (the "Respondent") to produce documents for use in a civil proceeding pending in Cyprus in the District Court of Nicosia, titled *Joseph P. LaSala and Fred S. Zeiman, as co-Trustees of the Trust entitled AremisSoft Corporation Liquidating Trust v. Bank of Cyprus Public Company Ltd.*, Action No. 5467/09 (the "Cyprus Proceeding").

3. I state the following upon information and belief based upon my firm's files from current and prior representation of the Bank, and upon review of documents and information provided to me by the Bank and the Bank's legal counsel in the Cyprus Proceeding.

4. Applicant is a bank organized under the laws of the Republic of Cyprus.

5. The Bank is currently a defendant in the Cyprus Proceeding, a lawsuit filed by Joseph P. LaSala and Fred S. Zeidman as Co-Trustees of the AremisSoft Liquidating Trust (the "Trust"), titled *Joseph P. LaSala and Fred S. Zeiman, as co-Trustees of the Trust entitled AremisSoft Corporation Liquidating Trust v. Bank of Cyprus Public Company Ltd.*, Action No. 5467/09. (A true and correct copy of the Statement of Claim is attached hereto as

Exhibit A, a copy of the English translation of the Statement of Claim is attached hereto as Exhibit B, and a copy of the certificate of translation is attached hereto as Exhibit C.)

6. The Trust, a Delaware trust, was formed pursuant to a Chapter 11 bankruptcy case pending in the District of New Jersey (the "New Jersey Bankruptcy Proceeding") for AremisSoft Corporation, a now defunct Delaware software technology company.

7. Respondent Greenberg Traurig serves as the law firm for the Trust and the Trustees in proceedings in the United States of America.

8. In the Cyprus Proceeding, the Trust seeks to hold the Bank liable for its alleged role in connection with a fraudulent scheme by two corporate insiders of AremisSoft, who fraudulently inflated the company's value and then sold their shares. The Statement of Claim in the Cyprus Proceeding alleges that one of these corporate insiders, Lycourgos Kyprianou, used his accounts at the Bank to launder the money from this scheme, and that the Bank, knowingly and/or negligently, in breach of its duties to AremisSoft, allowed Kyprianou to loot AremisSoft's accounts at the Bank and engage in money laundering. The Statement of Claim alleges claims for breach of contract, negligence, violation of legal duties and fraud, and seeks damages of hundreds of millions of dollars.

9. The Statement of Claim alleges that Kyprianou, along with his fellow corporate insider Poyiadjis, were the primary perpetrators of the fraud. For example, the statement of claim alleges that Kyprianou caused AremisSoft to publish false and misleading public reports and statements to increase the stock price, falsified AremisSoft's books and records, caused AremisSoft to declare that it had acquired software companies for prices far exceeding the prices actually paid, and then sold their AremisSoft shares at an inflated price.

(Ex. B ¶¶ 16-19.) The Statement of Claim alleges that Kyprianou made illegal profits exceeding $100 million dollars. (Ex. B ¶ 20.)

10. Bank of Cyprus, on the other hand, is described in the Statement of Claim as a secondary player, allegedly liable for its role in failing to stop Kyprianou from transferring money between AremisSoft's and his other accounts at the Bank of Cyprus.

11. Before filing the lawsuit in Cyprus against Bank of Cyprus, the Trustees for the AremisSoft Liquidating Trust brought suit against the Bank in the Southern District of New York in 2006, alleging the same basic allegations that have now been asserted in the Cyprus Proceeding. Bank of Cyprus made a motion to dismiss for *forum non conveniens*, among other grounds.

12. In opposing Bank of Cyprus's motion to dismiss for *forum non conveniens*, Trustee LaSala submitted a Declaration dated January 22, 2007 (the "LaSala Declaration"). (A true and correct copy of the LaSala Declaration is attached hereto as Exhibit D.) In the LaSala Declaration, Trustee LaSala stated that the law firm for the Trust, Greenberg Traurig, had "amassed thousands of pages of documents relating to the AremisSoft fraud, and more specifically to Bank of Cyprus' participation in the fraud." (Ex. D ¶ 32.) LaSala states that all of these documents are "physically maintained by the AremisSoft Trust's lawyers in New York. (Ex. D ¶ 37.) LaSala also asserted in his declaration that a number of witnesses were located in the United States. (Ex. D ¶¶ 23-31.)

13. In its reply in further support of the motion to dismiss, Bank of Cyprus noted that, if the action were dismissed on grounds of *forum non conveniens* in favor of Cyprus, 28 U.S.C. § 1782 could be used to obtain evidence in the United States needed for an action in Cyprus.

3

14. The 2006 Southern District of New York action against Bank of Cyprus was dismissed by Judge Haight for *forum non conveniens* in 2007.

15. The Cyprus Proceeding was then filed against the Bank in Cyprus thereafter. The Statement of Claim in the Cyprus Proceeding is based on the same operative facts as the 2006 Southern District of New York case against Bank of Cyprus.

16. In June 2010, Greenberg Traurig on behalf of the Trust made an application in the New Jersey Bankruptcy Proceeding for an order approving the engagement of Georgios Seraphim, Mr. Kyprianou's lawyer in Cyprus, as Special Counsel to the Trust (the "Seraphim Application"). (A true and correct copy of the Seraphim Application is attached hereto as Exhibit E.)

17. The Seraphim Application disclosed that the Trust had recently entered into a settlement agreement with Kyprianou (the "Settlement Agreement"), in which in exchange for the Trust withdrawing the litigation against Kyprianou in the District of New Jersey and Cyprus, Kyprianou would cooperate with the Trust by providing information and documents about the roles of the Bank of Cyprus and several other banks the Trustee is litigating against. (Ex. E ¶ 2.)

18. The Seraphim Application further stated that "Kyprianou has agreed to provide particular information relating to the persons at the Bank of Cyprus with whom he dealt and the details of the arrangements that he made at that Bank with regard to transactions concerning fraudulent acquisition of assets and other transactions that gave the false illusion of cash flow." (Ex. E ¶ 14.)

19. In exchange for providing information, the Settlement Agreement provides for "a settlement amount of $105 million which may be credited to Kyprianou to the

extent he cooperates against each Bank (Kyprianou will receive a credit of $35 million for completed cooperation against each Bank)." (Ex. E ¶ 14.)

20. The Seraphim Application additionally discloses that Mr. Seraphim will be paid a contingency fee of twenty percent of the first $50,000,000 recovered from the banks the Trust is pursuing and twenty-five percent of amounts in excess of $50,000,000. (Ex. E ¶ 22.)

21. The Trustees did not publicly file the Settlement Agreement or the agreement concerning the Trust's engagement with Mr. Seraphim (the "Engagement Agreement"), and in fact they filed the Engagement Agreement under seal. (A true and correct copy of the Trust's Notice of Motion to File Exhibit Under Seal is attached hereto as Exhibit F.) The relevance of this document to allegations against Bank of Cyprus is attested to by the Trustees' statement in their motion to file under seal that "[i]nterested parties that face potential liability for their culpability in the AremisSoft securities fraud and the breaches of fiduciary duties by AremisSoft's officers should not be allowed to view the terms of the Engagement Agreement of counsel to the Trust and should not gain any improper benefit from the sensitive information contained therein." (Ex. F ¶ 2.)

22. Applicant therefore seeks to obtain the Settlement Agreement and the Engagement Agreement, as well as documents in Respondent's possession relating to the Bank's alleged role in the AremisSoft fraud, any documents Kyprianou has provided to the Respondent, the Trust or Trustees concerning the Bank of Cyprus, and communications between Kyprianou and Respondent, the Trust or Trustees.

23. These documents are directly relevant to the issues in the Cyprus Proceeding.

24.     No previous application for this relief in a United States court has been made.[1]

I hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on December 30, 2010

_____
John Fellas

---

[1]. Simultaneously with filing the present application, the Bank is also filing an Application in the District Court for the District of New Jersey seeking depositions of Trustee LaSala and a witness most knowledgeable about settlement negotiations with Kyprianou, along with some of the same documents sought here. The Bank does not need the same documents to be provided twice but since it is unclear whether some of the documents are held by the Trustee or Greenberg Traurig as counsel for the Trustee, the Bank is seeking such documents from both sources. If either party provides such documents, the Bank will withdraw that portion of the application from the other party.