USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-21-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
IN RE APPLICATION OF BANK OF        :    No. 10 Misc. 23
CYPRUS PUBLIC COMPANY LIMITED       :    **Memorandum Opinion &**
                                    :         **Order**
------------------------------------X

**JOHN F. KEENAN, United States District Judge Sitting in Part I:**

### I.    Background

In connection with the 2002 Chapter 11 proceedings of a defunct software technology company called AremisSoft, the Bankruptcy Court for the District of New Jersey appointed Joseph P. LaSala and Fred S. Zeidman (the "Trustees") as co-trustees of the AremisSoft Liquidating Trust (the "Trust"). The Trustees are represented in the United States by the law firm of Greenberg Traurig. Bank of Cyprus Public Company Limited ("Bank of Cyprus" or the "Bank") is a bank organized under the laws of the Republic of Cyprus. In 2006, the Trustees filed suit against Bank of Cyprus in this District, Case No. 06 Civ. 6673 (CSH), alleging that the Bank allowed Lycourgos Kyprianou ("Kyprianou"), the founder of AremisSoft, to loot the company and launder the proceeds of his fraud using Bank of Cyprus accounts. On August 15, 2007, Judge Haight dismissed the Trustees' lawsuit on forum non conveniens grounds in favor of Cyprus. See Joseph P. LaSala & Fred S. Zeidman, as Co-Trustees of the AremisSoft Corp. Liquidating Trust v. Bank of Cyprus Pub. Co. Ltd., 510 F. Supp. 2d 246 (2007). However, Judge Haight

specified that the forum non conveniens "dismissal is conditioned upon the defendant Bank of Cyprus appearing and defending on the merits, without interposing a statute of limitations, an action asserting claims arising out of these facts, by the plaintiff Trustees in the courts of Cyprus, failing which plaintiffs may apply to restore the case to this Court's calendar." Id. at 279. In October 2010, the Trustees filed an action against Bank of Cyprus in Cyprus asserting essentially the same claims as those Judge Haight dismissed.

Throughout the course of the S.D.N.Y. action, the Trust was also pursuing claims against Kyprianou in Cyprus. In or around 2010, the Trust entered into an agreement with Kyprianou (the "Settlement Agreement"), settling its claims in exchange for his cooperation against three banks, including Bank of Cyprus. In conjunction with this settlement, the Trustees sought leave from the New Jersey bankruptcy court to engage Kyrprianou's personal attorney in Cyprus, Georgios Seraphim, on a contingency basis as special counsel to the Trust (the "Engagement Agreement").

On December 30, 2010, Bank of Cyprus filed an application in Part I to take evidence pursuant to 28 U.S.C. § 1782. Specifically, Bank of Cyprus seeks to subpoena from Greenberg Traurig:

1. Documents purportedly in the physical custody of Greenberg Traurig in New York relating to Bank of Cyprus' alleged role in the AremisSoft fraud, many of

        which the Trust received through a Coordination Agreement with the SEC and U.S. Attorney's Office.
2. Communications between, on the one hand, Kyprianou or Seraphim, and on the other hand, the Trust, the Trustees, or Greenberg Traurig, concerning (i) the terms of any deal or settlement between them or (ii) the Bank of Cyprus.
3. The Settlement Agreement between the Trust and Kyprianou.
4. Any documents provided by, or on behalf of, Kyprianou to the Trust, Trustees, or Greenberg Traurig concerning the Bank of Cyprus or the terms of any deal or settlement between them.
5. The Engagement Agreement between the Trust and Seraphim.
6. Any documents concerning the Engagement Agreement between the Trust and Seraphim.

Greenberg Traurig appeared and opposed the application. On the same day, Bank of Cyprus also filed an ex parte application to take evidence pursuant to 28 U.S.C. § 1782 in the District of New Jersey "seeking depositions of Trustee LaSala and a witness most knowledgeable about settlement negotiations with Kyprianou, along with some of the same documents sought here." Bank of Cyprus Mem. at n.1. The Bank explains that it filed two applications seeking the same documents because it is unclear whether the documents are in the Trustees' or Greenberg Traurig's possession. Id. Counsel advises that the ex parte application filed in the District of New Jersey was recently granted.

3

**II.     Discussion**

**A.  Bank of Cyprus' § 1782 Application**

Section 1782 provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon the application of any interested person . . . .

The district court is authorized to grant a § 1782 application where:  "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or 'any interested person.'"  Schmitz v. Bernstein, Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d Cir. 2004) (internal alterations and citation omitted).  The district court, however, is not required to grant a § 1782 application even though it has the authority to do so under the statute.  "Once the statutory requirements are met, a district court is free to grant discovery in its discretion." Id. at 83-84.  However "district courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar

4

means of assistance to our courts.'" In re Application of Metallgesellschaft AG, 121 F.3d 77, 79 (2d Cir. 1997) (quoting In re Application of Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992)).  The Supreme Court's opinion in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004), identifies four factors to guide the district court in considering whether to exercise its discretion to grant a § 1782 application.

A district court sitting in New York may only authorize § 1782 discovery where the person from whom discovery is sought resides in New York.  On its face, it appears that the statutory requirements are met:  Greenberg Traurig has an office in Manhattan and is therefore located in the Southern District of New York.  The discovery sought would allegedly be used to defend against the Trustees' lawsuit in Cyprus.  Finally, Bank of Cyprus, as a litigant in the Cyprus proceedings, is an interested person within the meaning of § 1782.  However, Bank of Cyprus' only stated explanation for bringing an application in this Court is that the requested documents might be physically located at Greenberg Traurig's office in New York.  There is no real dispute that the "persons" from whom discovery is sought are the Trustees – the parties who brought the lawsuits in this District and in Cyprus.  Cf. Schmitz, 376 F.3d at 85 ("Although technically the respondent in the district

court was Cravath, for all intents and purposes petitioners are seeking discovery from DT, their opponent in the German litigation."). Presumably, Greenberg Traurig is not a party to the Engagement or Settlement Agreements. Greenberg Traurig potentially serves as the physical custodian of some requested documents, but the documents themselves were obtained or created by the Trustees, who reside in New Jersey.

Recognizing the overlap in its two § 1782 applications, Bank of Cyprus offered to withdraw the S.D.N.Y application if Greenberg Traurig stipulates that:  (1) it will produce documents in its possession, custody, or control requested in the S.D.N.Y. application in response to the § 1782 application granted by the New Jersey court; and (2) it will not challenge the New Jersey court's order granting the ex parte § 1782 application. At oral argument on January 18, 2011, Greenberg Traurig stipulated to the first, but not the second, condition. In other words, the Trustees and their counsel intend to challenge the New Jersey court order, but if they are unsuccessful, Greenberg Traurig will produce any responsive documents that may be physically located in its New York office. This is an entirely sensible approach.[1]  Proceeding on the merits

---

[1] This stipulation is also consistent with the law's general recognition that documents in the possession of a party's attorney are deemed to be within the party's possession, custody, or control because the party has the legal right to

6

in New Jersey allows the true parties in interest, the Trustees, to litigate the discovery application.  On the other hand, if this Court reaches the merits of the New York application while an essentially identical application is pending in New Jersey, it risks inconsistent rulings or a ruling here which the prevailing party could attempt to leverage into a favorable decision from the New Jersey court.  The most fair and efficient course of action is for the court which has jurisdiction over the true "person from whom discovery is sought" to consider and rule on a single application.  Therefore, this § 1782 application will be dismissed in favor of the New Jersey proceedings.

### B. Greenberg Traurig's Cross-Motion to Restore the S.D.N.Y. Action

Greenberg Traurig contends that Bank of Cyprus has not fulfilled Judge Haight's condition that the Bank defend the lawsuit on the merits in Cyprus, and therefore requests that the Part I Judge restore Judge Haight's case to the S.D.N.Y. calendar.  As an initial matter, it does not appear that Greenberg Traurig, which was not a party to the lawsuit against Bank of Cyprus in this district, has standing to make such a motion.  Moreover, as discussed at oral argument, the Court

---

obtain the documents on demand.  See, e.g., MTB Bank v. Fed. Armored Express, Inc., No. 93 Civ. 5594, 1998 WL 43125, at *4 (S.D.N.Y. Feb. 2, 1998); In re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 530 (S.D.N.Y. 1996).

believes that this request is more properly brought before the judge who handled and dismissed the case. Judge Haight is familiar with the history and facts of the case, and he is in the best position to determine whether Bank of Cyprus has satisfied his mandate.

### III.     Conclusion

Subject to Greenberg Traurig's stipulation regarding document production in New Jersey, Bank of Cyprus' application to take evidence pursuant to 28 U.S.C. § 1782 is denied. Greenberg Traurig's cross-motion to restore Case No. 06 Civ. 6673 (CSH) to the Court's docket is denied without prejudice so the parties may address this application to Judge Haight.

**SO ORDERED.**

Dated:   New York, New York
         January 21, 2011

*[signature]*
John F. Keenan
United States District Judge
Part I